UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON L. BURTON,<br>CDCR #J-58007,<br><br>                        Plaintiff,<br><br>     vs.<br><br>Sgt. SCHARR, et al.,<br><br>                      Defendants. | Case No.: 3:17-cv-02012-BTM-JMA<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 6]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

     HARRISON L. BURTON ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

     Plaintiff claims RJD Sergeant Scharr and RJD Correctional Officers Bermudez and Bjork violated his Eighth Amendment rights on December 1, 2016 by authorizing a cell move from the lower to upper tier in contravention of a doctor's order or "chrono"

designating Plaintiff as mobility impaired. *See* Compl., ECF No. 1 at 5-6. Plaintiff was re-housed on the upper tier, but fell down the stairs the following day, and was transported to an outside hospital for treatment. *Id.* at 7-8. He seeks declaratory and injunctive relief preventing his movement to the top tier as well as $350,001 in nominal, general and punitive damages. *Id.* at 11.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 6).

# I.    Motion to Proceed IFP

### A.    Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Application to Plaintiff</u>

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, as well as its attached exhibits, and has ascertained that it does not contain any plausible allegations to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks injunctive relief preventing a future move to the top tier and money damages against the RJD officials who moved him on December 1, 2016,

3

3:17-cv-02012-BTM-JMA

in contravention of his doctor's recommendations to the contrary. *See* ECF No. 1 at 5-7. While Plaintiff immediately fell and claims to have been injured on December 2, 2016, he does not claim to have been re-assigned to an upper tier or bunk ever since, and does not claim to currently be assigned to an upper bunk or tier. In fact, Plaintiff's own exhibits show he has been issued an updated "Comprehensive Accommodation Chrono (CDCR 7410)" as the result of CDCR-602HC Inmate/Parolee Health Care Appeal Log No. RJD HC 16055066, which "reflect[s] a lower bunk and lower tier chrono." *Id.* at 32-33, 39. Thus, Plaintiff does not allege to have faced any "imminent" danger of serious physical injury at the time he filed his Complaint in this case, almost a year later, on September 28, 2017. *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055.

To qualify for § 1915(g)'s exception, the danger allegedly faced must be real, proximate, and/or ongoing. *See Cervantes*, 493 F.3d at 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non-specific allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Ellington v. Clark*, No. 1:09-CV-02141-AWI, 2011 WL 3500970, at *5 (E.D. Cal. Aug. 8, 2011) (finding prisoner's pre-existing medical conditions and his claimed denial of ambulatory devices did not "rise to the level of imminent danger"); *report and recommendation adopted*, No. 1:09-CV-02141-AWI, 2011 WL 6780910 (E.D. Cal. Dec. 27, 2011).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take

notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff Harrison L. Burton, identified as CDCR Inmate #J-58007, has had more than three prior prisoner civil actions and/or appeals[1] dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Burton v. Alameida, et al.*, Civil Case No. 3:03-cv-02405-IEG-RBB (S.D. Cal. Feb. 19, 2004) (Order Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 7) (strike 1)[2];

2) *Burton v. McDonald, et al.*, Civil Case No. 2:10-cv-01980-JAM-EFB (E.D. Cal. Aug. 1, 2014) (Findings and Recommendations ["F&Rs"] to dismiss Fifth Amended Complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 84); (E.D. Cal. Oct. 22, 2014) (Order adopting F&Rs "in full" and dismissing action for "failure to state a claim.") (ECF No. 85) (strike 2);

---

[1] "The in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct." *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763-64 (2015) ("Nothing in [the PLRA] indicat[es] that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity—or that Congress intended the former to take effect only when affirmed by the latter.").

[2] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1131, 1143 (9th Cir. 2017). A prisoner's "failure to file an amended complaint [does] not negate the determination already made by the court that the complaint that he had filed, and on which he effectively elected to stand, failed to state a claim. It also does not matter whether the dismissals were with or without prejudice." *Id.* at 1142 (citing *O'Neal,* 531 F.3d at 1154.)

3) *Burton v. Barnes, et al.*, Appeal No. 14-15354 (9th Cir. May 16, 2014) (Order) ("The district court has denied appellant leave to proceed on appeal in forma pauperis. We deny appellant's motion to proceed in forma pauperis because we also find the appeal is frivolous.") (Dkt. Entry 8 at 1)[3] (strike 3); and

4) *Burton v. Chenoweth, et al.*, Civil Case No. 2:14-cv-02331-KJN (E.D. Cal. March 4, 2016) (Order dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2)) (ECF No. 24) (strike 4).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Motion to Appoint Counsel

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 6). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff be deemed eligible to proceed pursuant to the IFP statute and then, the issue remains within "the sound discretion of the trial court[,] and is

---

[3] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 6) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: November 28, 2017

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court

7

3:17-cv-02012-BTM-JMA